**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID RUFFIN,** | : |
| **Plaintiff** | : |
| **v.** | : **CIVIL ACTION NO. 3:16-1082** |
| **C.O. GILEEN, <u>et</u> <u>al.</u>,** | :       **(Judge Mannion)** |
| **Defendants** | : |

**<u>MEMORANDUM</u>**

I. **<u>Background</u>**

David Ruffin, an inmate formerly confined in the State Correctional Institution, Dallas ("SCI-Dallas"), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. The named Defendants are seven (7) correctional officers employed at SCI-Dallas. Along with his complaint, Plaintiff submitted an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. §1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposes obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. §1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, the section requires screening complaints in prisoner

actions.[1]

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed as legally frivolous pursuant 28 U.S.C. §1915(e)(2)(B)(i), as well as moot, due to Plaintiff's transfer.

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's

---

[1]Section 1915(e)(2) provides:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).


## II.  Allegations in the Complaint

Plaintiff states that Defendants have "refused to serve [him] meals multiple times to the point of physical pain, starting January of 2016 to the present date when ever they feel like." (Doc. 1, complaint at 2-3). He claims that Defendant, Lt. Gavlick stands by and does nothing. Id. He also states that Defendants "have refused to take [him] out of the cell for medical, haircuts, shower, yard, etc." Id. Finally, he alleges that Defendants "have all threaten to beat and rape [him]" and tell him that he has to "let them have their way with [him] in order to eat, shower, etc." Id.

For relief, Plaintiff seeks "a handheld camera to be used every meal, so [he] will have proof [he] never refuses [his] meals, to have all meals on tray wrapped in plastic and on Sunday, or whenever there is PB&J [he[ will be served PB&J every time its available; also place wrap with [Plaintiff's] name on it to be served extra meal every meal for a year." Id. Additionally, Plaintiff seeks "a handheld camera be used when CO's collect inmate names for yard, shower, etc in the morning or whenever they do" so that he can be recorded

"to and from shower, yard, etc." Id. Finally, Plaintiff seeks "to have an institutional separation granted" from the named Defendants as well as for the Defendants "to apologize via paper to [Plaintiff]". Id.

On June 6, 2016, Plaintiff was transferred from SCI-Dallas to the Retreat State Correctional Institution, Hunlock Creek, ("SCI-Retreat") Pennsylvania. See www.http://inmatelocator.cor.pa.gov/#/.

## III. Discussion

To the extent that Ruffin requests an institutional separation from the named Defendants, this claim fails as a matter of law. It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. Moody v. Daggett, 429 U.S. 78, 88, (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution." Id. Similarly, it has long been recognized that prison transfer decisions, standing alone, do not constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. See,

4

e.g., Hassain v. Johnson, 790 F.2d 1420 (9th Cir. 1986); Serrano v. Torres, 764 F.2d 47 (1st Cir. 1985). Thus, even inmate transfers to facilities far from their homes do not rise to the level of cruel and unusual punishment. See, e.g., Gov't of Virgin Island v. Gereau, 592 F.2d 192 (3d Cir. 1979) (transfer from Virgin Islands to mainland); Rodriguez–Sandoval v. United States, 409 F.2d 529 (1st Cir. 1969) (transfer from Puerto Rico to Atlanta). In sum, well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215 225 (1976); Montanye, 427 U.S. at 242; Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert. denied, 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976). Simply put, as a legal matter Ruffin has no constitutional right to choose his prison. Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed as legally frivolous. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

Moreover, the adjudicatory power of a federal court depends upon the "continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). A federal court may entertain "only actual, ongoing

cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Where a plaintiff seeks injunctive relief for prison conditions that he is no longer subject to, there is no longer a live controversy and a court cannot grant that injunctive relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Fortes v. Harding, 19 F. Supp.2d 323, 326 (M.D. Pa. 1998).

Significantly, a transfer from one prison facility to another moots any claims for injunctive or declaratory relief pending against officials at the institution from which he was transferred moot. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981). See also, Spencer v. Sec'y Dep't of Corr., No. 14-2009, 2015 WL 3895302, at *1 n.2 (3d Cir. June 25, 2015) (noting that plaintiff's transfer rendered his request for declaratory and injunctive relief against officials at that institution moot); Banks v. Sec'y Pennsylvania Dep't of Corr., 601 F. App'x 101, 103 (3d Cir. 2015) (same); Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014) (same); Mollett v. Leicth, 511 F. App'x 172, 174 (3d Cir. 2013) (finding that because the inmate plaintiff's transfer rendered the case moot the district court lacked jurisdiction over the merits of the case). Ruffin's complaint, seeking injunctive relief related to his meals, medical care,

showers, yard, etc., at SCI-Dallas, is now moot as he is no longer incarcerated at SCI-Dallas. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that §1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

A separate Order will be issued.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Dated:** July 11, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1082-01.wpd

7